FILED
SUPERIOR COURT
OF GUAM

2018 APR -6 PM 4: 11

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CF0047-18 |
| | ) | |
| v. | ) | |
| | ) | DECISION AND ORDER RE: |
| JEROME JOE CRUZ, | ) | DEFENDANT'S PRE-TRIAL MOTIONS |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

## INTRODUCTION

This matter is assigned to the Honorable Maria T. Cenzon. On the eve of trial, Defendant Jerome Joe Cruz ("Defendant") moved 1) to Dismiss the Indictment, 2) to Continue Trial, 3) for Bail Redetermination, and 4) to Exclude GRE 413 Evidence. During all of the hearings, Defendant was present and represented by Assistant Alternate Public Defender John Morrison. The People of Guam ("the People") were represented by Assistant Attorney General Terry VanEaton. On March 16, 2018, during a continued pre-trial conference, the Court ruled from the bench DENYING Defendant's Motion to Dismiss Indictment, to continue trial, request for bail redetermination, and to exclude GRE 413 evidence (plea agreement and judgment of CF0304-09). On March 19, 2018, the Court DENIED the People's request to admit the 2009 Declaration of Probable Cause for CF0304-09 (the "2009 Declaration"). This Decision and Order further memorializes the Court's rulings.[1]

//

//

---

[1] The Court also issues this written Decision and Order in compliance with 8 GCA § 40.50(a). (Requiring unless the conditions of release are amended and the person is thereupon released, the judge shall set forth *in writing* the reasons for requiring the conditions imposed) (emphasis added).

## BACKGROUND

Defendant was charged by indictment with TWO COUNTS of Second Degree Criminal Sexual Conduct (as a First Degree Felony) in violation of 9 G.C.A. §§ 25.20(a)(1) and (b). Indictment (Jan. 22, 2018). On February 8, 2018, Defendant asserted his right to a speedy trial. On February 13, 2018, the Defendant appeared before this Court for the first time where the Court set the matter for trial on February 20, 2018. On that same date, Defendant filed a motion to extend the Motion Cut Off-Date and to vacate the jury trial. On February 14, 2018, the Government filed a Notice of Intent to Admit 413 Evidence. On February 19, 2018, the Court did not rule on Defendant's Motion, but instead vacated the trial date to allow sufficient time for the Government to comply with the 413 Notice Requirement.[2]

On March 9, 2018, Defendant filed a Motion to Dismiss the Indictment. On March 14, 2018, the parties appeared before this Court for a pre-trial conference where the Court ruled from the bench DENYING Defendant's Motion to Dismiss the Indictment.

On March 15, 2018, Defendant filed a *Motion in Limine* to Exclude GRE 413 evidence and for Bail Redetermination under 8 G.C.A. § 40.50. The Court held a pre-trial conference on March 16, 2018 at 9:30 a.m. where the Defendant also orally moved for continuance. After returning in the afternoon the same day, the Court orally DENIED Defendant's Motion 1) for a Continuance, 2) for a Bail Redetermination, and 3) to Exclude the Plea Agreement and Judgment of CF0304-09. The Court, however, reserved its ruling on the People's Request to Admit the 2009 Declaration.

On March 19, 2018, the Court DENIED People's Request to Admit the 2009 Declaration. Jury trial was held on March 19 to March 21, 2018. On March 22, 2018, the jury returned a verdict of NOT GUILTY on all charges.

//

//

---

[2] GRE 413 requires that the Government provides a notice to admit 413 evidence 15 days prior to the date of trial.

DISCUSSION

## A. Defendant's Motion to Dismiss the Indictment

Defendant relies on 8 GCA § 50.42[3] and requests this Court to dismiss the indictment because it "rest solely on the presentation of legally incompetent evidence." Mot. to Dismiss Indictment, at p. 1 (Mar. 9, 2018). First, Defendant argues "the indictment was based almost entirely on hearsay and every statement needed to establish any of the elements of the crime are inadmissible hearsay." *Id.* at p. 6. Secondly, the prosecutor admitted details of Defendant's prior sex offense and allowed a police officer to vouch for a witness without a limiting instruction. *Id.* at p. 9.

Defendant also contends "cases contrary to his position that are referenced in the compiler of law's notes ... are not binding to this Court," since it was reached before the statute was passed or from a court that no longer exists. *Id.* at p. 1. Instead, Defendant relies on California case law interpreting competent evidence as "evidence that is otherwise admissible under the laws of the evidence." *Id.* Specifically, Defendant contests the note in Section 50.42 providing "A Grand Jury indictment *will not be overturned* because it was based on hearsay testimony. It was the intent of the amendment to this section (§ 50.42) that less than 'admissible' evidence is required before the grand jury. Compiler's Note cited in case." (emphasis added). The Court disagrees with Defendant's contention and finds *People v. Quidachay* is controlling, as specifically addressed in *In Re Camacho*.[4]

With the exception of 8 G.C.A. § 50.14(b), no provision exist in the Guam Code for a court to review a grand jury's finding "there is reasonable cause to believe that an indictable offense

---

[3] The statute reads as, "The grand jury shall receive only competent evidence but the fact that evidence which is incompetent was received by the grand jury does not render the indictment void where sufficient competent evidence to support the indictment was received by the grand jury."

[4] Holding "[p]recedent [from the Appellate Division of the District Court of Guam] that was extant when [the Guam Supreme Court] became operational continues *unless and until* [the Guam Supreme Court] address the issues discussed there. [The Guam Supreme Court] will not divert from such precedents unless reason supports such deviation." 2006 Guam 5 (quoting *People v. Quenga*, 1997 Guam 6) (emphasis added).

has been committed and that the defendant committed it." 8 G.C.A. § 50.54(b). Even § 50.14(b) is strictly curtailed to challenges "based on objections to the array or on the lack of legal qualification of an individual juror, if not previously determined upon challenge." The provision which Defendant seeks to challenge the competency of the evidence received by the grand jury operates with the caveat that "the fact that evidence which is incompetent was received by the grand jury does not render the indictment void where sufficient competent evidence to support the indictment was received by the grand jury." 8 G.C.A. § 50.42. The Supreme Court of the United States has found that allowance for trial courts to review findings of a grand jury "would run counter to the whole history of the grand jury institution, in which laymen conduct their inquiries unfettered by technical rules." *Costello v. U.S., 350 U.S. 359, 364 (1956)*. In that vein, the *Costello* court at 362-363 cited to a case from 1852 for authority: "No case has been cited nor have we been able to find any, furnishing an authority for looking into and revising the judgment of the grand jury upon the evidence, for the purpose of determining whether or not the finding was founded upon sufficient proof..." (quoting *U.S. v. Reed*, 27 Fed.Cas. pages 727, 738, No. 16,134).

Additionally, Defendant cites to Guam Supreme Court cases where the hearsay evidence were presented during a trial, not a grand jury proceeding. Moreover, since *People v. Quidachay* remains controlling, the Court will not overturn the Grand Jury indictment merely because it was based on hearsay testimony. Accordingly, the Court hereby DENIES DEFENDANT'S MOTION TO DISMISS THE INDICTMENT.

**B. Defendant's Motion to Continue Trial**

Defendant's counsel orally moved for continuance based on "the state of discovery at this point."[5] Defense counsel argues "in a case like this, [he] would ordinarily tend to do some additional investigation and discovery on [his] own, that [he] just has not had a chance to do, by way of timing of it." *Id.* Defense counsel asserts that he does not have criminal backgrounds of

---

[5] Continued Pre-trial Conference, at 9:33:34 (Mar. 16, 2018).

the witnesses and he is unsure if there are any that exists. *Id*. The People later represented none of the four identified witnesses had any prior criminal record.

The court orally denied Defendant's Motion relying on the factors identified in *People v. Ulloa*, which are: 1) the moving party's diligence in preparing for trial, 2) the likely utility of a continuance, 3) the inconvenience to the court and opposing party, and 4) prejudice resulting from a denial. No. DC CRIM. 87-00020A, 1988 WL 242607, at *1; See also *People v. Blas*, 2016 Guam 19, ¶ 26, 53 (adopting the *Ulloa* factors). In applying these factors, the Court finds there is no indication Defense Counsel has been dilatory. The other factors, however, remain undetermined since Defendant is unsure whether a continuance would lead to more discovery or not. The utility of a continuance is also uncertain because Defendant is unsure how much additional time would be appropriate. Consequently, this would lead to a substantial inconvenience and possibly adverse impact to the Minor victim/witness as contemplated under 8 GCA § 80.65.[6]

After analyzing the *Ulloa* factors, the Court also distinguished the instant case to *People v. Blas*, 2016 Guam 19. In *Blas*, the Guam Supreme Court reversed the trial court's Order denying Defendant a continuance of trial which in effect prevented Defendant an opportunity to allow an off-island and *material* witness to testify. 2016 Guam 19 (emphasis added). Unlike in

---

[6] The statute reads as:

Expedited Trials of Sex Crimes Involving Minor Children as Victims or Witnesses; Continuance; Impact Statement.

> In any criminal proceeding involving an alleged sex crime perpetrated upon a minor child, or in which a minor child is expected to testify as a witness to a sex crime, the court shall, in order to minimize stress on such child, take action to expedite trial and give precedence to the case over any other case; provided, however, that nothing in this Section shall be construed to mean that trial shall be expedited if it is not in the best interests of the child. When a motion or a request for a continuance is made the prosecutor shall file an impact statement which specifies whether the prosecution agrees to the request for continuance, whether the child or the child's representative agrees to such request, and the effect, if any, the granting of the continuance will have on the child. In ruling on any motion or request for continuance or other delay, *the court shall consider and give weight to any possible adverse impact that a delay or continuance may have on the child.* Prior to issuing an order on a motion for continuance or delay, the court shall make written findings of fact concerning the impact on the child of continuing or delaying the case.

8 GCA § 80.65. (emphasis added).

*Blas*, Defendant has not identified a material witness, testimony, or evidence that would require a continuance. Instead, Defendant implied additional time to conduct its own discovery could potentially lead to something or nothing at all. Therefore, the Court finds Defendant's unpersuasive. Accordingly, the Court hereby DENIES DEFENDANT'S MOTION FOR A CONTINUANCE.

**C. Defendant's Motion for Bail Redetermination**

Defendant relies on 8 GCA § 40.50[7] for his Motion for Bail Redetermination Hearing. Defendant requests this Court to release him on a property bond. Defendant's bail was set $10,000 and the property is purportedly valued at $127,100.

The Court relies on the factors described in 8 GCA § 40.15(c) and specifically "factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released."

The Court recognizes that Defendant brings this motion on the eve of trial or one business day before trial is expected to begin. The Court is mostly concerned Defendant's release would bear a substantial risk of danger to the victim and/or witnesses in this trial. The allegations in this case arise out of an incident that occurred after a family gathering where Defendant allegedly engaged in sexual contact with a minor relative. Since the victims and other potential witnesses in this case are related to the Defendant, the Court does not find that release of the Defendant on the eve of trial would be appropriate.

Although the property proffered for Defendant's bond is valued more than double the amount of bail required, the Court finds multiple issues with accepting the proffered property. First, the Certificate of Title provided is dated nearly 14 years ago, where Defendant's step-father is indicated as having a 50% interest in the property. Secondly, the Certificate of Title

---

[7] The relevant part of the statute provides:
>  (a) A person for whom conditions of release are imposed pursuant to this Chapter, and who after twenty-four (24) hours from the time of release hearing continues to be detained as a result of his inability to meet the conditions of release, shall, upon application, be entitled to have the conditions reviewed by the Court....

does not indicate the nature of co-ownership, therefore the Court cannot determine whether or not the other 50% owner's permission is required before accepting the property. Since Defendant's trial is scheduled to begin on Monday, March 19, 2018, the parties will not have sufficient time to address the concerns raised by the Court.

Accordingly, the Court hereby DENIES DEFENDANT'S REQUEST FOR RELEASE ON A PROPERTY BOND.

**D. Defendant's *Motion in Limine* to Exclude 413 Evidence**

On March 19, 2018, the Government informed the Court it intends to proffer the plea agreement, judgment, and 2009 Declaration. In addition to Defendant's written *Motion in Limine*, Defendant also argued the CF0304-09 is not relevant under GRE 413 and the two instances (2009 conviction and 2017 allegation) are not sufficiently similar to pass the GRE 403 test.

The Court relies on *Guam v. Chinel,* 2013 Guam 24, which recognized evidence of a Defendant's prior commission of another criminal sexual offense must be admissible under both GRE 413 and 403.

1. GRE 413 analysis

GRE 413 recognizes an exception to the general rule prohibiting prior bad acts to show propensity. Instead, this law allows "[i]n a criminal case in which the defendant is accused of an offense of criminal sexual conduct, evidence of the defendant's commission of another offense or offenses of criminal sexual conduct is admissible, and may be considered for its bearing on any matter to which it is relevant." GRE 413. Federal courts interpreting FRE 413, the Federal Rule counterpart to GRE 413, recognize "three threshold rules for determining if a prior offense or conduct is admissible under the rule," that is: 1) Defendant in the present case must be accused of sexual assault; 2) the evidence proffered must be evidence of the Defendant's commission of another past act of sexual assault; and 3) the past act must be relevant, meaning its existence must make any fact at issue more or less probable than if such evidence were excluded. *Guam v.*

*Chinel,* 2013 Guam 24, ¶ 25 (citing *United States v. Guardia,* 135 F.3d 1326, 1328 (10th Cir. 1998)).

In this case, Defendant is accused of Second Degree Criminal Sexual Conduct (as a First Degree Felony) against a minor under the age of fourteen (14) or in violation of 9 GCA § 25.20(a)(1)[8] thus, the first factor is met. The second factor is also satisfied because Defendant's past conviction in CF0304-09 was for one count of Third Degree Criminal Sexual Conduct (as a Second Degree Felony). Lastly, the third factor is also met because the government intends to offer such conviction to show Defendant's propensity to commit sexual acts against minor victims as allowed under GRE 413. Accordingly, the past conviction meets the threshold requirements under GRE 413.

### 2. GRE 403 Analysis

Even if a conviction is admissible under GRE 413, the Court may still deny admission of such evidence for violating GRE 403. In fact, GRE 413(c), specifically provides that "[GRE 413] shall not be construed to limit the admission or consideration of evidence under any other rule." GRE 403 in its entirety reads as, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." After *Chinel,* Guam Supreme Court requires trial courts to make a "searching inquiry" in similar situations. *Guam v. Chinel,* 2013 Guam 24, ¶ 39. This inquiry includes examining factors such as: (1) the *similarity* of the prior acts to the acts charged; (2) the *closeness in time* of the prior acts to the acts charged; (3) the *frequency* of the prior acts; (4) the presence or lack of *intervening circumstances*; and (5) the *necessity* of the evidence beyond the testimonies already offered at trial. *Id.* (citing *U.S. v. LeMay,* 260 F.3d 1018, 1028 (9th Cir. 2001) (emphasis added)).

---

[8] The Statute reads as: "A person is guilty of criminal sexual conduct in the second degree if the person engages in sexual contact with another person and if that other person is under fourteen (14) years of age."

Pertaining only to the plea agreement and judgment in CF0304-09, the Court finds the past *conviction* is also admissible under GRE 403. Contrary to Defendant's assertion, the Court is convinced the 2009 and 2017 allegations are similar. Both allegations include minor males who were sleeping on or before Defendant began the sexual contact. Although the incidents are about eight (8) year apart, an intervening circumstance where Defendant was incarcerated from 2009-2011 and in 2013-2016 implies a closer proximity of both incidents. Additionally, the prior act is alleged to have occurred in the span of two months and on more than four occurrences therefore suggesting the past act occurred *frequently*. Lastly, given the absence of physical evidence, "there was a need for additional probative evidence." *Guam v. Chinel*, 2013 Guam 24, ¶ 45.

The Court, however, finds the 2009 Declaration is not admissible under GRE 403. The Court finds offering only the declaration would cause confusion to the jury because Defendant's plea agreement and judgment in CF0304-09 only pertains to one charge, while the declaration refers to several other charges. Additionally, since the plea agreement and judgment will be admitted, allowing the declaration is not necessary. In order to guard against the dangers of unfair prejudice, the Court hereby DENIES the admission of the 2009 Declaration.

///

//

//

## CONCLUSION

For the reasons provided above, the Court hereby DENIES:

1. Defendant's Motion to Dismiss the Indictment;

2. Defendant's Motion for Continuance;

3. Defendant's Motion for Bail Redetermination;

4. Defendant's *Motion in Limine* to Exclude 413 Evidence (plea agreement and judgment of CF0304-09); and

5. People's Request to Admit the 2009 Declaration.

**SO ORDERED** this _____ **APR 06 2018** _____, *nunc pro tunc* March 14, 2018.

HONORABLE MARIA T. CENZON
JUDGE, SUPERIOR COURT OF GUAM

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of: AG, APD

Date: 4/6/18  Time: 4:15
@
Deputy Clerk, Superior Court of Guam